**STATE of Minnesota, Respondent,**

v.

**James Anthony BROWN, Jr., Appellant.**

**No. A10–1192.**

Court of Appeals of Minnesota.

June 13, 2011.

Lori Swanson, Attorney General, St. Paul, Minnesota; and John P. Dimich, Dimich Law Office, Grand Rapids, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender; and Gerardo Alcazar, A. Elizabeth Burnett, Special Assistant Public Defenders, Robins, Kaplan, Miller & Ciresi, L.L.P., Minneapolis, MN, for appellant.

Considered and decided by STONEBURNER, Presiding Judge; ROSS, Judge; and STAUBER, Judge.

## OPINION

STONEBURNER, Judge.

Appellant, a physically disabled individual who uses a motorized device as a substitute for walking, appeals his conviction of third-degree driving while impaired (DWI) under Minn.Stat. §§ 169A.20, subd. 1(5), .26, subd. 1(a) (2008 & Supp.2009), arguing that the motorized device he uses as a means of mobility is not a "motor vehicle" and that while operating the device he is not the driver of a motor vehicle for purposes of Minn.Stat. § 169A.20, subd. 1. Alternatively, appellant argues that if use of his motorized device constitutes driving a motor vehicle under Minn.Stat. § 169A.20, subd. 1, the statute violates his constitutional rights to due process and equal protection. Because we conclude that appellant's operation of his motorized device does not make him a driver of a motor vehicle under Minn.Stat. § 169A.20, subd. 1, we reverse appellant's conviction without reaching the constitutional issues.

## FACTS

Appellant James Anthony Brown, Jr. was charged with DWI for operating his mobility scooter on the sidewalks of Grand Rapids on July 29, 2009 with an alcohol concentration of more than .08. The district court rejected Brown's pretrial challenges to the charges.

The case was submitted to the district court for trial, under Minn. R.Crim. P. 26.01, subd. 3, on the following stipulated facts: (1) Brown is physically disabled and uses a battery-operated three-wheel Legend Pride Mobility Scooter (scooter) as a means of mobility to "experience life and complete his day to day necessities"; (2) the scooter has a maximum speed of 5.75 miles per hour; (3) Brown drove his scooter on Grand Rapids city sidewalks to a car dealership; (4) the car dealership contacted the city police department regarding a possibly intoxicated individual in their automobile display lot; (5) the city police arrived and arrested Brown for DWI; (6) Brown consented to a breath test and tested .17 for alcohol concentration; (7) Brown has a 2001 DWI conviction; (8) a driver's license is not required to operate the scooter, vehicle insurance is not required for the scooter, and the scooter cannot be registered at the Department of Public Safety in order to obtain vehicle license plates; (9) Minn.Stat. § 169.212, subd. 2(c) (2008) provides that

> [a]n electric personal assistive mobility device may be operated on a roadway only:
>
> (1) while making a direct crossing of a roadway in a marked or unmarked crosswalk;
>
> (2) where no sidewalk is available;
>
> (3) where a sidewalk is so obstructed as to prevent safe use;
>
> (4) when so directed by a traffic control device or by a peace officer; or

(5) temporarily in order to gain access to a motor vehicle[;]

and (10) Grand Rapids does not have an ordinance prohibiting a person from public intoxicated in public or an ordinance prohibiting a person from consuming an alcoholic beverage in public.

Based on the stipulated facts, the district court concluded that the state proved beyond a reasonable doubt that, on the relevant date, Brown drove a motor vehicle, as defined by Minn.Stat. § 169A.03, subd. 15 (2010), with an alcohol concentration of .08 or more and within ten years of a qualified prior impaired-driving incident. The district court found Brown guilty of third-degree DWI, a gross misdemeanor, in violation of Minn.Stat. §§ 169A.20, subd. 1(5), .26, subd. 1(a). Brown was sentenced, and this appeal followed.

## ISSUE

Did the district court err as a matter of law by concluding that Brown drove a motor vehicle in violation of Minn.Stat. § 169A.20, subd. 1(5)?

## ANALYSIS

This court reviews de novo questions of statutory interpretation. *Molde v. CitiMortgage, Inc.*, 781 N.W.2d 36, 39 (Minn. App.2010). Words and phrases in Minnesota's statutes are interpreted according to their common meaning. Minn.Stat. § 645.08(1) (2010). "We are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Am. Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000).

"Where the legislature's intent is clearly discernible from plain and unambiguous language, statutory construction is neither necessary nor permitted and [Minnesota's appellate courts] apply the statute's plain meaning." *Hans Hagen Homes, Inc. v.*

*City of Minnetrista*, 728 N.W.2d 536, 539 (Minn.2007); *see also* Minn.Stat. § 645.16 (2010) (directing that, when the language of a statute is "clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit"). In ascertaining the intention of the legislature, we presume that the legislature does not intend a result that is absurd, impossible of execution, or unreasonable. Minn.Stat. § 645.17(1) (2010).

Minnesota Statutes Chapter 169 sets out traffic regulations and defines "motor vehicle," in relevant part, as "every vehicle which is self-propelled," excluding "an electric personal assistive mobility device." Minn.Stat. § 169.011, subd. 42 (2008). "Driver" is defined as "every person who drives or is in actual physical control of a vehicle." Minn.Stat. § 169.011, subd. 24 (2008). "Vehicle" is defined, in relevant part, as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway." Minn. Stat. § 169.011, subd. 92 (2008).

Additionally, Minn.Stat. § 169.011, subd. 53 (2008), defines "pedestrian" as "any person afoot or in a wheelchair." And section 169.011, subd. 93 (2008) defines "wheelchair" as including "any manual or motorized wheelchair, scooter, tricycle, or similar device used by a disabled person as a substitute for walking."

It is plain that for purposes of traffic regulations contained in Chapter 169, Brown's scooter is a wheelchair and is not a motor vehicle, and Brown, who uses the scooter as a substitute for walking, is, while operating his scooter, a pedestrian. *See Boschee v. Duevel*, 530 N.W.2d 834, 839 (Minn.App.1995) ("[T]he mere circumstance, that [a person] ... propels himself or herself along by means of a chair, or by some other mechanical device, does not clothe him or her, in a broad and general

sense, with any other character than that of a pedestrian." (quotation omitted)).

Minnesota Statutes Chapter 169A, criminalizing DWI, defines "motor vehicle," in relevant part, as "every vehicle that is self-propelled," including motorboats in operation and off-road recreational vehicles, but not a vehicle moved solely by human power. Minn.Stat. § 169A.03, subd. 15 (2008).

> It is a crime for any person to drive, operate, or be in physical control of any motor vehicle, as defined in section 169A.03, subdivision 15, except for motorboats in operation and off-road recreational vehicles, within this state or on any boundary water of this state ... when the person's alcohol concentration ... is 0.08 or more ... [ 1]

Minn.Stat. § 169A.20, subd. 1(5) (2008). But Chapter 169A defines "driver" and "vehicle" as having the meanings given in section 169.011, subdivisions 24 and 92, respectively. Minn.Stat. § 169A.03, subds. 7, 25 (2008).

Reading the sections together in a manner that avoids conflict and an absurd result, we conclude that Brown's operation of his scooter as a substitute for walking does not make him the driver of a motor vehicle within the meaning of Minn.Stat. § 169A.20, subd. 1, and does not subject him to criminal charges for operating the scooter while impaired.

As the parties stipulated, scooters used as a substitute for walking are prohibited from being used on highways except in limited circumstances. *See* Minn.Stat. § 169.21, subd. 5 (2008) (providing, in relevant part, that "[w]here sidewalks are provided and are accessible and usable it shall be unlawful for any pedestrian to walk or move in a wheelchair along and upon an adjacent roadway"). As discussed above, Brown's scooter meets the definition of a wheelchair contained in Minn.Stat. § 169.011, subd. 93, and Minn.Stat. § 169A.03, which does not define "wheelchair," provides that a term defined in section 169.011, but not defined in section 169A.03, "has the meaning given in section 169.011, unless the context clearly indicates otherwise." Minn.Stat. § 169A.03, subd. 1(b) (2008). Therefore, Brown's scooter is, for purposes of Chapter 169A, a wheelchair and does not meet the definition of "vehicle," because it is generally not a "device in, upon, or by which any person or property is or may be transported ... upon a highway." Because Brown's scooter is not a "vehicle" under the relevant statutory definitions, it is not a "motor vehicle." And Brown is not a "driver," because when he uses his scooter he is not driving or in physical control of a "vehicle."

Because the issue presented is resolved by statutory interpretation, we do not address the constitutional arguments Brown raises. *See State v. Bourke,* 718 N.W.2d 922, 926 (Minn.2006) (stating that Minnesota's appellate courts generally will not address a constitutional issue if there is another basis upon which the case can be decided).

## DECISION

Brown, using his scooter as a substitute for walking, is a pedestrian. His scooter is not a "vehicle" as defined in Minn.Stat. §§ 169.011, subd. 93, 169A.03, subd. 25, and is, therefore, not a "motor vehicle" as defined in Minn.Stat. § 169A.03, subd. 15, and as used in Minn.Stat. § 169A.20, subd.

---

**1.** Separate subsections of Minn.Stat. § 169A.20 criminalize the operation or physical control of motorboats in operation, snowmobiles, all-terrain vehicles, off-highway motorcycles, and off-road vehicles while intoxicated. *See* Minn.Stat. § 169A.20, subds. 1a–1c (Supp.2009).

1(5). The district court erred by concluding that on July 29, 2009, Brown drove a motor vehicle while impaired in violation of Minn.Stat. § 169A.20, subd. 1(5), and was thereby guilty of gross-misdemeanor DWI.

**Reversed.**